The PROCESS GAS CONSUMERS GROUP, National Gypsum Company and Nabisco Brands, Inc., Petitioners,

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent,

Tennessee Gas Pipeline Company, Cities of Charlottesville and Richmond, Virginia, Mountaineer Gas Company, Washington Gas Light Company, Columbia Gas Distribution Company, Baltimore Gas and Electric Company, Cincinnati Gas & Electric Company, et al., Office of the Consumers' Counsel, State of Ohio, Columbia Gas Transmission Corporation, Virginia Natural Gas, Inc., SCM Corporation, UGI Corporation, Maryland People's Counsel, Dayton Power and Light Company, Public Service Commission of the State of New York, Exxon Corporation, ONG Transmission Company, et al., The Maryland Industrial Group, Intervenors.

No. 87–1620.

United States Court of Appeals, District of Columbia Circuit.

Aug. 24, 1990.

As Amended Aug. 24, 1990.

On Motion for Voluntary Dismissal of Appeal With Prejudice.

William H. Penniman, with whom Katherine P. Yarbrough was on the brief, for petitioners.

Gail S. Gilman also entered an appearance, for petitioners.

Joel M. Cockrell, Atty., F.E.R.C., with whom Catherine C. Cook, General Counsel, F.E.R.C. and Jerome M. Feit, Atty., F.E.R.C., were on the brief, for respondent.

John F. Harrington, William A. Williams, Frank R. Bay, James J. Mayer and John G. Banner entered appearances, for intervenors Cincinnati Gas & Elec. Co., et al.

Timothy N. Black, with whom John H. Pickering, Stephen J. Small, Ronald N. Carroll, Gary D. Wilson and Giles D.H. Snyder were on the brief, for intervenor Columbia Gas Transmission Corp.

C. Roger Hoffman, John P. Mathis, J. Patrick Berry and Stephen L. Teichler were on the brief, for intervenor Exxon Corp.

Charles M. Darling, IV and Sheryl S. Hendrickson also entered appearances, for intervenor Exxon Corp.

Harold L. Talisman, David D. Withnell and Terence J. Collins entered appearances, for intervenor Tennessee Gas Pipeline Co.

Stanley W. Balis and Marck C. Darrell entered appearances, for intervenor Cities of Charlottesville and Richmond, Va.

Richard S. Shapiro entered an appearance, for intervenor Mountaineer Gas Co.

Frank H. Strickler, Gordon M. Grant and Ralph E. Fisher entered appearances, for intervenor Washington Gas Light Co.

Robert Fleishman entered an appearance, for intervenor Baltimore Gas Light Co.

John L. Shailer and Roger C. Post entered appearances, for intervenor Columbia Gas Distribution Co.

Margaret Ann Samuels and William A. Spratley entered appearances, for intervenor Office of the Consumers' Counsel, State of Ohio.

James F. Bowe, Jr. and Arnold H. Quint entered appearances, for intervenor Virginia Natural Gas, Inc.

Morton L. Simons entered an appearance, for intervenor SCM Corporation.

Mary E. Baluss and Christopher J. Barr entered appearances, for intervenor UGI Corp.

Thomas C. Gorak and John M. Glynn entered appearances, for intervenor Maryland People's Counsel.

Robert S. Waters, Richard M. Merriman and Daniel John Regan, Jr. entered appearances, for intervenor Dayton Power and Light Co.

Richard A. Solomon and David D'Alessandro entered appearances, for intervenor Public Service Com'n. of the State of N.Y.

William I. Harkaway and C. Burnett Dunn entered appearances, for intervenor ONG Transmission Co., et al.

John W. Hardwicke entered an appearance, for intervenor The Maryland Indus. Group.

Before WALD, Chief Judge, RUTH BADER GINSBURG and SENTELLE, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

## I. INTRODUCTION

Petitioners, Process Gas Consumers Group, Nabisco Brands, Inc. and National Gypsum Company (collectively "PGC"), move pursuant to Fed.R.App.P. 42(b) to dismiss voluntarily their petition for review. SCM Corporation ("SCM"), which did not participate in the proceedings before respondent, the Federal Energy Regulatory Commission ("FERC"), but was granted intervenor status by this court, does not object to PGC's withdrawal, but instead seeks to continue prosecuting the petition itself.

Because SCM did not participate in the proceedings before FERC, petition for rehearing before FERC on the issues it seeks to press before this court, or file a petition for judicial review within the time period prescribed by § 19 of the Natural Gas Act ("the Act"), 15 U.S.C. § 717r, it is jurisdictionally barred from obtaining judicial review of FERC's decision. Therefore, SCM cannot assume the role of petitioner and continue suit after PGC withdraws, and we grant PGC's motion to dismiss.

## II. BACKGROUND

PGC filed the instant petition for review on October 23, 1987. In their petition, PGC challenged FERC's approval of a 1985 contested settlement ("1985 Settlement") of numerous rate proceedings involving Columbia Gas Transmission Corporation ("Columbia"). SCM did not participate in the FERC proceedings underlying the 1985 Settlement. By Clerk's Order filed July 14, 1989, this court nevertheless granted the motion of SCM and several others to intervene.

After oral argument on May 1, 1989, PGC entered into settlement negotiations with Columbia. On June 29, 1989, Colum-

bia filed an offer of Settlement ("1989 Settlement") with FERC which encompassed the instant proceeding and others pending before FERC and other courts. SCM was *not* a party either to the negotiations or the 1989 Settlement.

Under the 1989 Settlement, PGC agreed to seek voluntary dismissal of this petition. On July 7, 1989, PGC moved to hold the instant proceedings in abeyance pending FERC's approval of the 1989 Settlement. On August 9, 1989, despite SCM's opposition, this court granted that motion.

On October 19, 1989, FERC approved the 1989 Settlement with certain modifications. The modifications were accepted, and the 1989 Settlement was placed into effect as of November 1, 1989. The 1989 Settlement became "final" on June 20, 1990.

In accordance with the terms of the 1989 Settlement, PGC has now moved for voluntary dismissal of their petition for review. In support, PGC asserts:

> [t]he 1989 Settlement resolves PGC's dispute in this case. In addition, that settlement resolves over 30 Commission dockets and more than 20 other court cases. It provides significant rate relief and rate design improvements for all consumers. It also provides for new pipeline facilities and services which are vital to many parties. The Commission found the 1989 Settlement to be in the public interest and to produce just and reasonable rates.

*See* Motion for Voluntary Dismissal of Appeal With Prejudice ("Motion for Voluntary Dismissal") at 3.

SCM, however, opposes the motion to dismiss. While conceding that "it may be appropriate to permit PGC to withdraw as a party to this case," *see* Answer of SCM Corporation in Opposition to Motion to Dismiss Appeal ("SCM Opposition") at 4, SCM argues that it should be permitted to continue suit. In support of its position, SCM relies on *United States v. Western Electric Co.,* 900 F.2d 283, 310 (D.C.Cir.1990), which, SCM suggests, recognized "an intervenor's right to continue suit in the absence of the party on whose side intervention was permitted." SCM further contends that the right to continue suit is contingent only upon a showing that the intervenor satisfies Article III requirements of "an injury in fact fairly traceable to the conduct it is challenging and likely to be redressed by the relief it has requested."

The issue thus presented is whether, under the Act, an intervenor who did not participate in proceedings before FERC may continue suit and obtain review of a FERC order after the original petitioner withdraws.

### III. ANALYSIS

SCM's argument is based on the premise that by obtaining intervenor status, SCM may assume the role of petitioner and obtain judicial review. This premise, however, is incompatible with the statutory scheme of the Act which establishes strict jurisdictional prerequisites for review of FERC orders. Section 19 of the Act provides:

> (a) Any person ... aggrieved by an order issued by the Commission ... may apply for a rehearing.... The application for rehearing shall set forth specifically the ground or grounds upon which such application is based.... No proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereon....
>
> (b) Any party to a proceeding ... aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the court of appeals ... by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part.... Upon the filing of such petition such court shall have jurisdiction ... to affirm, modify, or set aside such order in whole or in part. No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the

application for rehearing unless there is reasonable ground for failure to do so. 15 U.S.C. § 717r.

■ The plain language of the Act suggests that three prerequisites must be satisfied in order to obtain judicial review of a FERC order. First, a litigant seeking review must have participated in the proceedings before the agency. *See Goodman v. Public Service Comm'n of the District of Columbia,* 497 F.2d 661, 664 n. 5 (D.C.Cir. 1974) (judicial review under the Natural Gas Act is limited "to those who were parties to the agency proceeding"). Next, the party seeking review must raise its objections in its own application for rehearing to the Commission. *See Columbia Gas Transmission Corp. v. FERC,* 848 F.2d 250, 255 (D.C.Cir.1988) (citing *Asarco, Inc. v. FERC,* 777 F.2d 764, 773 (D.C.Cir.1985)). Thus, a court cannot "consider an objection not raised by petitioner but argued to FERC by another party to the same proceeding." *Columbia Gas Transmission Corp.,* 848 F.2d at 255.

Finally, the party must file within sixty days after the Commission's disposition of the application for rehearing a petition for review "praying that the order of the Commission be modified or set aside in whole or in part." 15 U.S.C. § 717r(b). Only "upon the filing of such petition" does the court of appeals obtain jurisdiction to review the Commission's order. *Id.; see also* Fed.R. App.P. 15(a) ("[r]eview of an order of an administrative agency ... *shall* be obtained by filing with the clerk of a court of appeals which is authorized to review such order, within the time prescribed by law, a petition to ... review") (emphasis added). As stated by the Fifth Circuit, "[b]y defining the time for filing a petition for review with reference to the statute providing for review of the agency's orders, [Fed.R. App.P. 15(a) ] indicates that the petition for review ... is the *only proper form to seek review of agency action." United Gas Pipe Line Co. v. FERC,* 824 F.2d 417, 435 (5th Cir.1987) (emphasis added). *See also D.C. Circuit Handbook of Practice and Internal Procedures* 18 (1987) ("[t]o obtain review of an administrative agency order,

the party *must* file a petition for review (or other document prescribed by the applicable statute) with the Clerk of this Court") (emphasis added).

■ Under the circumstances of this case, SCM falls far short of satisfying the prerequisites for obtaining judicial review. First, it is undisputed that SCM failed to participate in the proceedings before FERC. It is thus clear that SCM did not seek rehearing before FERC of the issues it now seeks to press before this court. As previously stated, this court cannot consider objections to a FERC order unless the party asserting the objections sought rehearing before the Commission. *See Columbia Gas Transmission Corp. v. FERC,* 848 F.2d at 255; *Asarco, Inc. v. FERC,* 777 F.2d at 773.

Furthermore, SCM did not file a petition for review, but instead filed a motion to intervene. To the extent SCM contends that its motion to intervene is, or should be treated as, a *de facto* petition for review, its position is unavailing. A similar argument was raised in *United Gas Pipe Line Co. v. FERC,* 824 F.2d at 434, but rejected by the court. In that case, the Fifth Circuit held that "a notice of intervention is not a petition praying for review within the meaning of the [Natural Gas Act]." *Id.* at 435. The court then considered whether it possessed discretion to treat the notice of intervention as a petition for review. Unclear about the scope of its discretionary power, the court declined to do so under the circumstances of the case before it.

Even if this court could construe SCM's motion to intervene as a petition for review, SCM's petition would have to be dismissed as untimely filed. Under § 19 of the Act, a petition for review must be filed within sixty days of FERC's issuance of the rehearing order. Intervention in this court is governed by Fed.R.App.P. 15(d), which provides in pertinent part that "[a] motion for leave to intervene or other notice of intervention authorized by an applicable statute shall be filed within *30 days of the date on which the petition for review is filed"* (emphasis added). Treating a notice of intervention filed beyond § 19's

sixty-day filing period, but within the thirty-day period for intervention under Fed.R. App.P. 15(d), as a timely petition for review would squarely conflict with § 19's strict jurisdictional time limits. It would contravene the sixty-day filing limit by permitting review, through the notice of intervention, as late as 90 days after the rehearing order. *See United Gas Pipe Line,* 824 F.2d at 436. Thus, to the extent this court possesses any discretion to treat a notice of intervention as a petition for review, it must be exercised in accordance with the jurisdictional requirements of the Act. *See Asarco, Inc. v. FERC,* 777 F.2d at 774–75 ("[n]either the Commission nor the courts are given any form of jurisdictional discretion") (quoting with approval *Boston Gas Co. v. FERC,* 575 F.2d 975, 979 (1st Cir. 1978)).

In this case, the challenged FERC order was issued on August 24, 1987. PGC filed its petition for review on October 23, 1987. SCM's motion to intervene was not filed until November 20, 1987, well after the sixty-day filing period under § 19 had elapsed. Thus, if SCM's motion for intervention were treated as a petition for review, it must be considered as untimely filed.

In short, under the circumstances of the present case, SCM has failed to satisfy each of the necessary prerequisites for obtaining judicial review. SCM did not participate in the proceedings before FERC; it did not seek rehearing on the issues which it now seeks to press before this court; and it did not file a petition for review within the sixty-day filing period prescribed by § 19. Thus, even if SCM had filed a petition for review instead of a motion for intervention, its petition would have to be dismissed on jurisdictional grounds. Permitting SCM to continue suit in the role of petitioner would effectively endorse the circumvention of specific jurisdictional prerequisites enacted by Congress for obtaining judicial review. *See Alabama Power Co. v. ICC,* 852 F.2d 1361, 1366–67 (D.C.Cir. 1988); *Simmons v. ICC,* 716 F.2d 40 (D.C. Cir.1983).

In *Alabama Power,* this court rejected the attempt of Conrail, a nonparty to the agency proceedings which had also failed to file a petition for review, to substitute itself as petitioner after the original petitioners dropped their suit. This court characterized Conrail's failure to meet the jurisdictional requirements of the Hobbs Act for obtaining review as a "fundamental problem" which doomed its request to substitute for the original petitioners or be treated as a late filing intervenor. *See Alabama Power,* 852 F.2d at 1366. In explaining its decision, the court stated that "[t]o permit either substitution or intervention in these circumstances would be to condone the impermissible—an evasion of clear jurisdictional requirements ordained by Congress for obtaining judicial review." *See id.* at 1366–67. The *Alabama Power* court further found that to permit Conrail substitution or intervention would squarely conflict with its previous decision in *Simmons v. ICC,* 716 F.2d 40 (D.C.Cir.1983), where the court rejected an intervenor's attempt to continue a suit after the petition for review was dismissed on jurisdictional grounds:

> According to the *Simmons* court, failure to dismiss the suit "would enable a late-filing party ... to perfect an appeal beyond the 60–day period which the statute prescribes".... This the court would not condone since "[t]he sixty day period for seeking judicial review ... is jurisdictional."

*Alabama Power Co.,* 852 F.2d at 1367 (citations omitted).

Although SCM lacks an independent basis for obtaining judicial review, it attempts to draw support for its proposition that it may continue suit as a petitioner from *United States v. Western Electric Co.,* 900 F.2d 283 (D.C.Cir.1990). In *Western Electric,* a party which was granted limited intervenor status in the district court was the sole appellant to challenge a decision of the district court. Appellees argued, however, that the intervenor had no right to appeal because it did not suffer an actual or threatened injury and therefore lacked Article III standing. The intervenor argued that the district court conferred

standing by granting intervenor status. In rejecting the intervenor's argument, this court held that the "intervenor's right to continue suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Article III." *Id.* at 310 (quoting *Diamond v. Charles,* 476 U.S. 54, 68, 106 S.Ct. 1697, 1706, 90 L.Ed.2d 48 (1986)).

The *Western Electric* court's ruling was limited to the issue of whether an intervenor in district court requires Article III standing to appeal a decision of that court. It did not involve the right of a party who intervened for the first time in the appellate proceedings to continue to prosecute a petition for review in the absence of the original petitioner. Moreover, the *Western Electric* court was not confronted with a situation where, as here, the intervenor failed to meet the statutory prerequisites for obtaining judicial review. Nothing in *Western Electric* suggests that a party's possession of Article III standing negates or otherwise eliminates the statutory prerequisites for judicial review.

SCM's reliance on *Bryant v. Yellen,* 447 U.S. 352, 100 S.Ct. 2232, 65 L.Ed.2d 184 (1980), and *Mine Workers v. Eagle Picher Co.,* 325 U.S. 335, 65 S.Ct. 1166, 89 L.Ed. 1649 (1945), is equally unavailing. In each of these cases, the court addressed the issue of whether an intervenor which was active in the proceedings below possessed standing to prosecute an appeal. None of these cases dealt with a situation where the intervenor, seeking to prosecute the appeal in the absence of the original appellant or petitioner, failed to satisfy jurisdictional prerequisites for obtaining review.

## IV. CONCLUSION

To summarize, under the present circumstances, SCM cannot satisfy the statutory prerequisites for obtaining judicial review under § 19 of the Natural Gas Act. SCM did not participate in the proceedings before FERC; it did not seek rehearing on the issues which it now seeks to press before this court; and it did not file a petition for review within the sixty-day filing period prescribed by § 19. Thus, SCM is jurisdictionally barred from directly obtaining review by this court of FERC's decision. To nevertheless permit SCM to assume the role of petitioner and obtain judicial review after PGC withdraws would effectively "condone the impermissible—an evasion of clear jurisdictional requirements ordained by Congress for obtaining judicial review." *Alabama Power Co. v. ICC,* 852 F.2d at 1366–67. We therefore grant PGC's motion to dismiss.

*Appeal dismissed.*